UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-mj-04657-Sanchez

FILED BY_____TS_____D.C.
Dec 30, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

IN RE SEALED COMPLAINT
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Mills Maynard)? No.

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No.

3. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No.

4. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:   /s/ Nicholas Y. Carré
      Nicholas Y. Carré
      Assistant United States Attorney
      FL Bar No. 1022177
      99 NE 4th Street
      Miami, Florida 33132
      Telephone: (305) 961-9189
      Email: Nicholas.Carre@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br><br>CAMERON DYLAN MCDOUGALL,<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  24-mj-04657-Sanchez<br>)<br>)<br>) |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 28, 2024__ in the county of __Miami-Dade__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) | Assaulting, Resisting, and Impeding Certain Officers or Employees |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Timothy Silliman, Task Force Officer FBI
*Printed name and title*
(No. 12690)

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by __Face Time__

Date: __December 30, 2024__

_____
*Judge's signature*

City and state:  __Miami, Florida__    Honorable Eduardo I. Sanchez, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF A CRIMINAL COMPLAINT

I, Timothy Silliman, being duly sworn, do hereby depose and state the following:

## INTRODUCTION

1. I am employed as a Federal Air Marshal with the Transportation Security Administration ("TSA"), and have been so employed since 2017. I have served as a deployed Air Marshal on both domestic and international flights. Since July 2024, I have been assigned to Miami International Airport as a Task Force Officer with the Federal Bureau of Investigation's Joint Terrorism Task Force. My duties include the investigation of violations of federal law occurring within the airport environment and onboard aircraft. I am a law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations into and make arrests for violations of federal law.

2. This Affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint which charges Cameron Dylan McDougall ("MCDOUGALL") with assaulting, resisting, and impeding certain officers and employees, in violation of Title 18, United States Code, Section 111(a)(1).

3. The facts and information contained in this Affidavit are based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other law enforcement officers involved in this investigation, as well as my review of records, documents, and other physical items obtained during the course of this investigation. This Affidavit does not contain all of the information known to me and other law enforcement officers involved in this investigation.

## PROBABLE CAUSE

4. On or about December 27, 2024, MCDOUGALL, a Canadian citizen, was a passenger on Copa Airlines Flight #470 from Panama City, Panama, to Toronto, Canada. During the flight, MCDOUGALL physically struck another passenger. In light of the physical altercation occurring onboard the aircraft, the pilot made the decision to divert the plane to Miami International Airport ("MIA") in Miami, Florida. MCDOUGALL was removed from the flight. After law enforcement arrived and gathered information, the flight was cleared to continue onward to Toronto. However, Copa Airlines did not allow MCDOUGALL to reboard the flight. He remained at MIA while the remainder of the passengers and crew flew to their original destination. MCDOUGALL was informed that he could book a separate flight to reach Toronto.

5. On or about December 28, 2024, MCDOUGALL purchased a ticket on Air Canada Flight #1643 from Miami, Florida, to Toronto, Canada, scheduled to depart at 7:45 A.M. Prior to his scheduled flight, at 6:37 A.M., MCDOUGALL passed the security checkpoint, and was on the secure side of the airport when MCDOUGALL, without warning, struck another individual whom MCDOUGALL did not know. A non-TSA airport security guard attempted to intervene and MCDOUGALL struck him as well.

6. Then, at approximately 6:39 A.M., MCDOUGALL entered Transportation Security checkpoint "J South" despite having already cleared the security checkpoint. MCDOUGALL was not authorized to re-enter the security checkpoint. MCDOUGALL approached TSA Supervisory Transportation Security Officer R.M. MCDOUGALL attempted to strike R.M. three times in the face with a closed fist. R.M. avoided being struck in the face by MCDOUGALL and was not injured in the attack.

7. Transportation Security Officer M.M. attempted to assist R.M. When M.M. walked over to assist, MCDOUGALL fell to the ground and M.M. used his body weight to hold

MCDOUGALL's legs while MCDOUGALL was on his back. While on the ground, MCDOUGALL used his right hand with a closed fist to strike M.M.'s face at least three times. M.M. suffered a laceration to the inside of his bottom lip and swelling to his face.

8.  R.M. and M.M. were engaged in the performance of their official duties with the Transportation Security Agency and, as such, employees of the United States Government. Both employees were in full TSA uniform to include TSA markings and a security badge. The attack of R.M. and M.M. was captured on airport security cameras.

## CONCLUSION

9.  Based on the foregoing facts, I respectfully submit that there is probable cause to believe that on or about December 28, 2024, MCDOUGALL committed the act of assaulting, resisting, and impeding certain officers and employees in violation of Title 18, United States Code, Section 111(a)(1).

**FURTHER AFFIANT SAYETH NAUGHT.**

*[signature]*
TIMOTHY SILLIMAN
TASK FORCE OFFICER
FEDERAL BUREAU OF INVESTIGATION

Attested to by the applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by Face Time this 30th day of December 2024.

*[signature]*
HONORABLE EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

3