UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CR-20051-BLOOM

UNITED STATES OF AMERICA

v.

CAMERON DYLAN MCDOUGALL,

    Defendant.
_____/

## FACTUAL PROFFER

The United States of America, the Defendant, Cameron Dylan McDougall ("Defendant"), and the Defendant's undersigned counsel (collectively, the "Parties"), agree that had this case proceeded to trial, the United States would have proven the following facts, among others, beyond a reasonable doubt:

On or about December 27, 2024, the Defendant, a Canadian citizen, was a passenger on a Copa Airlines Flight from Panama City, Panama, to Toronto, Canada, which was diverted to Miami International Airport in Miami, Florida.

On or about December 28, 2024, the following day, the Defendant purchased a ticket on an Air Canada from Miami, Florida, to Toronto, Canada, scheduled to depart at 7:45 A.M. The Defendant, without security authorization, re-entered Transportation Security checkpoint "J South" despite having already cleared the security checkpoint. The Defendant approached TSA Supervisory Transportation Security Officer R.M. The Defendant attempted to strike R.M. three times in the face. R.M. avoided being struck in the face by the Defendant and was not injured in the attack.

Transportation Security Officer M.M. attempted to assist R.M. When M.M. walked over to assist, the Defendant fell to the ground and M.M. used his body weight to hold the Defendant's

legs while the Defendant was on his back. While on the ground, the Defendant used his right hand to strike M.M.'s face at least three times. The events were captured on airport security cameras.

R.M. and M.M. were engaged in the performance of their official duties with the Transportation Security Agency and, as such, employees of the United States Government. Both employees were in full TSA uniform to include TSA markings and a security badge.

The United States and the Defendant agree that the facts, which do not include all of the facts known to the United States and to the Defendant, are sufficient to form a basis for the undersigned Defendant's knowing, willful, and intentional plea of guilty to Counts 1 and 2 of the Superseding Indictment, which charges the Defendant with forcibly assaulting, resisting, and impeding a federal employee while that federal employee was engaged in and on account of the performance of his official duties, in violation of Title 18, United States Code, Section 111(a)(1).

HAYDEN P. O'BYRNE
UNITED STATES ATTORNEY

Date: 5/19/2025      By: _____
                         NICHOLAS Y. CARRÉ
                         ASSISTANT UNITED STATES ATTORNEY

Date: 5-19-25            _____
                         VICTOR VAN DYKE
                         ATTORNEY FOR DEFENDANT

Date: 5-19-25            _____
                         CAMERON DYLAN MCDOUGALL
                         DEFENDANT

2